IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:20-CR-248** |
| vs. | |
| RYAN D. TERRY, JEFFREY D. DAILEY, & TNT ASSOCIATES, LLC, A NEBRASKA LIMITED LIABILITY COMPANY, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court for its review of the Magistrate Judge's Findings and Recommendation (Filing 67) recommending the Court deny the Motion to Set Aside Forfeiture and Return Property Pursuant to Fed. R. Crim. P. 41(g) filed by defendants Ryan D. Terry and TNT Associates, LLC ("Defendants"). Filing 38. Defendants timely filed a Statement of Objections to Magistrate Judge's April 13, 2021 Findings and Recommendation. Filing 78. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the Magistrate Judge's Findings and Recommendation. The Court concurs in the Magistrate Judge's factual findings and well-reasoned legal analysis.

Furthermore, defendant Terry undisputedly received notice of the administrative forfeiture proceedings on September 3, 2020. Filing 46-6 at 4. The notice stated that Terry had thirty-five days to file a claim, *see* Filing 46-6 at 2, and there is no evidence indicating Terry did so. As Defendants correctly note, "due process requires that 'notice be reasonably calculated, under all the circumstances, to apprise the party of the action against them and afford the opportunity to object.'" Filing 79 at 3 (quoting *Muhammed v. Drug Enforcement Agency*, 92 F.3d 648, 653 (8th Cir. 1996)). Here Terry received notice that apprised him of the action against him and afforded

him thirty-five days to object; regardless of any extension by the Chief Judge John M. Gerrard,

Defendants' due process rights were unimpaired.[1] Accordingly,

IT IS ORDERED:

1. Defendants' Statement of Objections to Magistrate Judge's April 13, 2021 Findings and

   Recommendation (Filing 78) is overruled;

2. The Magistrate Judge's Findings and Recommendation (Filing 67) is adopted;

3. Defendant's Motion to Set Aside Forfeiture and Return Property Pursuant to Fed. R. Crim.

   P. 41(g) (Filing 38) is denied; and

4. The Clerk of Court is ordered to terminate the pending motions at Filing 38, Filing 67, and

   Filing 78.


Dated this 14th day of June, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge

---

[1] Defendants also argue the Magistrate Judge failed to consider Fed. R. Crim. P. 41(g) in his order. *See* Filing 79 at 3-4. However, Defendant's original brief sought the return of the property at issue under Rule 41(g) "for the same reasons set forth above" in its statutory and due process argument, *see*. Filing 39 at 8, and the Court has already rejected those arguments. Because Defendants have not shown they "are entitled to lawfully possess the seized property at issue," they have not met the Rule 41(g) standard. *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020).